May it please the Court, good morning. My name is David Kinnerium, and I am here representing M & B Oil Company in this matter. The first issue is whether this Court has jurisdiction to hear this appeal based on whether the District Court has ruled on the fraudulent joinder issue. In fact, the Court below did rule on the fraudulent joinder issue. We'll talk more about the fraudulent joinder issue later. But the bottom line is that the Court found that there was a cause of action in response to a 12b6 motion. The standard for a fraudulent joinder is much lower than there is for a 12b6 motion. As a result, the District Court has effectively ruled on it. Moreover, it probably doesn't matter because this is an argument over subject matter jurisdiction. Subject matter jurisdiction can be raised at any time, even on appeal, as long as there is not a judgment yet by the District Court, which there is not in this case. As a result, clearly this Court has jurisdiction to hear this issue. Turning to the substantive issues that we're here for today, the first issue has to do with the doctrine of snap removal. And the argument that the insurance company made below was that snap removal effectively invalidates jurisdiction and jurisdiction statutes in federal court. That is obviously incorrect. The federal courts have never had jurisdiction in this matter, as there is not complete diversity between the parties. The snap removal doctrine does not change that. And it is notable that the insurance company in its briefing does not even try to argue that the snap removal doctrine applies here, despite advocating it below, because it just doesn't. Snap removal applies when there is complete diversity among the parties already, and therefore the courts do have jurisdiction. The snap removal doctrine is used when a forum defendant who normally prevents removal has not yet been served, and the other defendant goes ahead and removes the case. The statute says it has to be otherwise removable. Otherwise removable, that's what the statute says. And in fact, the Fifth Circuit addressed this issue a couple of months ago in the case called In re Levy, Appeal No. 22-30622, and that's exactly what they said. It has to be otherwise removable for snap removal to apply. This case was not otherwise removable. This case does not have any snap removal overtones. Now, we have some district courts in our circuit that have addressed this. We have. And in those cases, there was always complete diversity. That problem is there is not complete diversity here. Do we have any district courts in our circuit that have concluded that it shouldn't be permitted in their court? Because of the otherwise removable language? Yes, or any other rationale for not applying the snap removal? Interpreting the removal statute in the way that snap removal jurisdiction, or snap removal operates. I think it's fair to say that the district courts have been varied in their response to snap removal. They have expressed some reservations about snap removal. I think I would be remiss to try to suggest to this court that there is not a consensus growing in the district courts that snap removal, in the appropriate circumstances, is something that would be allowed. That does seem to be directions the district courts are going. But not in this case. So if we concluded that the otherwise available, otherwise diverse provision is applicable here and that there is no jurisdiction, would we even need to reach the question of snap removal? No. And if we did and opined on it, would that simply be dicta? I think it would, Your Honor, because I think the easy result as far as the snap removal issues in this court is that this is not a case for snap removal. And there is no court that has ever said that in the posture we have here, that it is a case for snap removal. I believe it would be dicta, because I just don't think it applies. Don't we have to say, though, on the Chief's question, don't we at least have to, I mean, in saying it doesn't apply here, don't we need to say perhaps when it may apply? Maybe not definitively interpret it, but say it applies when there is complete diversity under your view in the forum defendant rule, is it? Yes. And that is where it does apply. And that would be the response is the statute says otherwise removable. It is not otherwise removable. There is no jurisdiction here. So what do we do when we remand, if we do, I mean? Sure. Under my view, what the court should do is remand the case to the district court and direct them to send it back to state court based on the fact that there is no jurisdiction. What about the fraudulent joinder issue? I'm sorry? What about the fraudulent joinder issue? Let's talk about fraudulent joinder. Before we get there, let me back up. Did you provide a citation for Henry Levy? Did you do a 28-J? I have not done it, Your Honor, because to be brutally honest with you, I found it yesterday afternoon. I'm sorry, you what? I found it yesterday afternoon. So I have not filed my 28-J letter yet. My law firm found it too, so. Okay, good. I'm not the only one. Please file the 28-J. I sure will, Your Honor. Turning to the issue about the argument that the insurance company does make, and that is the fraudulent or joinder issue, they have initially some procedural hurdles in a way to overcome here. The district court, who was versed in Missouri law, has found that there is a cause of action against the City of St. Louis in this case. The City of St. Louis has filed an answer. They have, in fact, supported the remand back to state court in this matter in their briefing, even though they are not here today. The insurance company has filed an answer in this matter. And as a result, the posture of this case simply does not suggest that there is fraudulent joinder here. And there is good reason why that there is no fraudulent joinder here. The court should bear in mind that the standard, the FILA standard, that we talk about in assessing whether there has been a fraudulent joinder, is a very, very low standard. Much lower than the 12B6 standard. And as a result, if we've got something that low, what the case law has basically developed to mean is that there has to be some state court that has specifically said that you do not have a cause of action here. And there is no state court. And the briefing of the insurance company here is completely devoid of this. There is no state court that has ever said that a cause of action does not exist. Which is why, in fact, the district court found a cause of action does exist. But wasn't that different, though, counsel, when the complaint was first filed? In other words, the claim against the City of St. Louis simply did not exist. Inverse condemnation did, which is what came later. But I don't think that the original claim existed under Missouri law. Let's talk about that in two aspects, Your Honor. Aspect number one. In evaluating fraudulent joinder, we don't look at the specific cause of action or how it's phrased in the complaint. What we look at is whether the facts, as they exist, could arguably create a cause of action. What the courts have even said, we don't care about the pleading. We don't care how awful the pleadings are. What we care about is, is there something out there that says that there is a cause of action that exists. The facts have never changed in this case. The cause of action did, but the facts have never changed. And as a result, the cause of action always existed. It was just a question of whether it was characterized as detrimental reliance or inverse condemnation. The second issue is, which complaint do we use? And under the NRA wireless standard, what is clear is that the operative complaint for our purposes is the First Amendment complaint. The First Amendment complaint clearly did plead inverse condemnation. It didn't change any of the facts. It just asserted a different cause of action. That's all it did. And under the NRA wireless standard, because when that First Amendment complaint was filed, there was no implication that this case would be dismissed or that there was any kind of duress in filing that. It was just filed. As a result, because we used the First Amendment complaint, because that First Amendment complaint pled certainly sufficient facts to defeat a fraudulent joinder claim, then that's what applies. And the Court should bear in mind that what the fraudulent joinder standard basically says is that this defendant had no business being in this case. Not that you didn't specifically plead it right, but it had no business being there. And clearly the City of St. Louis has a claim against them. And in fact, what I found interesting was, is that in their briefing, what the insurance company characterized adding the City of St. Louis as, I think they called it, a desperate attempt to manufacture state court jurisdiction. I would characterize it a different way. I would characterize it as, I commit malpractice if I don't sue who we view as the tortfeasor for causing this whole thing in the first place. That's why they're in there. They're the tortfeasor. And there is no case, and this also goes to the Rule 20 joinder too, which I don't think is really implicated in this appeal, but that also goes to the Rule 20 joinder issues, in that joining a tortfeasor along with the insurance company for the claim on the off chance that the insurance company is not found to be liable by the jury is something that I have to do. It's not something that I need to manufacture. Counsel, I wanted to ask you about Rule 21, just as one last follow-up. Sure. So it says, a mis-joinder of parties is not a ground for dismissing an accident. Then it goes on to say, on motion or on its own, the court may at any time, on just terms, add or drop a party. Is that purely discretionary? And should we send it back to the district court under your view to do that balancing? Or is it only if there's been mis-joinder can the district court choose to drop a party? And that's a bestowal. Well, the district court has already made that call, Your Honor. They've already found that the Rule 20 applies. And the only way, in a sense, that this is to be sent back is if this court found as a matter of law that the district court abuses discretion in making that call. And there is no case that I could find in the country on facts remotely close to this that suggests that that's the case. One question I have about what might happen on remand has to do with the procedural posture of this case. This is an interlocutory appeal, which is a situation of procedural posture that's been compared to writ of certiorari. And I'm not sure that in this particular posture we shouldn't let the district court deal with this issue. Which issue? The fraudulent joinder issue. Because it's really not in the question presented, if you know what I mean. And, Your Honor, to be colloquial about it, I wouldn't lose a lot of sleep over that, to be honest with you, only because she's already ruled on it, effectively. She's already said there's a call for action. I don't think either one of us will. I won't lose any sleep over that. But, as a practical matter... Also, we frequently allow their court to have the first bite of the apple, even if we could. But what you're saying is he's already bit on the apple. Already bit the apple, because she's already ruled on the 12B6 motion. Great. Thank you, Your Honor. Thank you, Mr. Knierim. Mr. Chacon. Good morning. May it please the Court. My name is Zach Chacon, and I represent Federated Mutual Insurance Company. I want to make very clear at the outset that it's Federated's position that the only question before this Court is the validity of snap removal in this circuit. The issue of fraudulent joinder is not before this Court. Judge Collins expressly did not rule on the issue of fraudulent joinder in her denial of the motion to remand. In fact, she specifically made it clear that she believed that her decision on snap removal obviated the need to rule on fraudulent joinder. Plaintiff's motion to certify saw review only of the snap removal decision, as well as their contention that the amendments are the appropriate pleading to review in order to determine the validity of that removal. Judge Collins certified only the snap removal issue for appeal to this Court. And finally, plaintiff sought permission to appeal only the snap removal decision to this Court. There was no reference in their petition for permission to appeal to the fraudulent joinder issue. Plaintiff takes the position now that somehow the district court has already ruled on the fraudulent joinder issue. Now, if I'm understanding what Plaintiff's counsel, Plaintiff's appellant is stating, he believes that the fact that Judge Collins dismissed the first amended complaint without prejudice and said and gave the plaintiff leave to amend was somehow an endorsement of plaintiff's claim. Judge Collins did recognize that the State of Missouri recognizes a inverse condemnation count. But she did not in any way make a ruling that either the first amended complaint, which she dismissed with prejudice, or the second amended complaint, which has not been ruled on with regard to motion, with regard to a 12B6 motion, actually stated a claim for inverse condemnation. In order for Plaintiff's counsel position to be correct, at the very least, there had to have been a substantive assessment by Judge Collins of the claim that was actually presented in the second amended complaint. And that has not yet occurred. I'll fall back to Judge Collins' own acknowledgment that she did not rule on fraudulent joinder. Counsel, isn't the standard so low, though, for fraudulent joinder that the inverse condemnation going here clearly goes over that bar? I agree with you that on the first, detrimental reliance, that was a loser. But what about the second claim, the inverse condemnation? Well, I'll address the merits of the inverse condemnation as well as whether or not we should even be considering inverse condemnation. The inverse condemnation claim, the claim that has been answered by the city, was in the second amended complaint. The complaint that was at issue when the case was removed was the original petition. The only claim in the original petition was for something called reasonable reliance or detrimental reliance. Judge Collins specifically dismissed that complaint, not without prejudice, but with prejudice. And I believe the courts are aware that a dismissal with prejudice is tantamount to a determination that there is simply no reasonable basis for that claim. Plaintiff appellant wants the court to look to the second amended complaint, citing the wireless decision. We've cited, however, this court's decision in Crosby v. Paul Hartiman. And in that case, the court looked at the original petition in determining whether or not removal was proper. And I'll also point out that other district courts in this circuit have pointed out specifically that in determining whether or not there's been a fraudulent joinder, it is the original complaint that controls. And the case that we cited in our brief was Bonenkamp v. Hogslad, Inc. There, the district court noted in its ruling that it was acting consistently with the other district courts that had considered the issue, and it rejected the application of the wireless decision, noting that in the wireless case, the amended complaint actually conferred jurisdiction rather than removing jurisdiction. So as a consequence, the court concluded that in fact the appropriate complaint to consider for fraudulent joinder would be the original complaint that was removed to the federal district court. And as we know, and to back up a little bit, the original complaint only had the claim for detrimental reliance, which Judge Collins dismissed with prejudice. My view, our view, Federated's view, is that that was a determination that there had been fraudulent joinder, or at least it was an implicit determination that there had been fraudulent joinder. Unfortunately, again, that issue is not before this Court. What's before this Court is strictly the snap removal doctrine. We understand the fact that the snap removal doctrine to permit the removal of a case where there is a form defendant so long as the form defendant has not been served. In this case, the removal took place before the form defendant had been served. In addition to citing the snap removal doctrine, however, Federated also cited fraudulent joinder right from the get-go. Judge Collins never, ever ruled on that. And our position is that this is like the Fennel case, where the District Court specifically did rule on the fraudulent joinder question, and then determined that snap removal was irrelevant because there simply wasn't diversity. That should be the ruling here, or should have been the ruling here by the Federal District Judge. But even if the Court's inclined to consider snap removal, or inclined to consider the fraudulent joinder question, it's clear, first of all, that the original claim and the original petition was dismissed with prejudice. If the Court wants to look at the Second Amendment complaint, Federated's view is that that complaint does not plead inverse condemnation. The cases that Plaintiff Appellate has cited consistently state that in order to state a claim and prove a claim for inverse condemnation, the Plaintiff has to establish causation of its damages under a but-for analysis. Here, the allegation in the First Amendment complaint and in the Second Amendment complaint was that Plaintiff, quote, sustained damage due to a freezing water pipe on February 2nd, 2019, and that the city became aware that the pipe was leaking and causing damage that same day, but failed to turn off the water either on that day or later on February the 10th. In other words, Plaintiff's own complaint alleges that the but-for cause of its damages were the freezing water pipe, not the claimed failure of the city to turn off the water. But another way, the but-for cause of the Plaintiff's damages in this case was the failure to maintain heat in the building, which is one of the affirmative defenses that Federated has cited to the underlying complaint. They cannot establish a but-for causation because of the assertions that are already extant in their actual pleadings. They've already pled that the but-for cause of their damages were the freezing water pipes, not the conduct of the city in failing to turn off the water after the leaking had already occurred. In short, there is no reasonable basis in law and fact either for the original detrimental reliance claim or for the adverse condemnation claim. But again... Counsel, I wanted to ask you real quickly to follow up. The SNAP removal, I'm going to go back to that. Is the SNAP, do you defend the district court's decision that the SNAP removal remedies the lack of complete diversity?  not even getting into that, or are you sort of de-ending what the district court did at this point? Sure. It's hard for me to read 1441b-2 and conclude that somehow SNAP removal obviates the need for diversity jurisdiction. It would seem to me that diversity jurisdiction has got to be found first. However, I'm before the court here to defend the district court's decision. So our position is that to the extent that a remand of this case endorses the SNAP removal decision, convinces the judge to retain jurisdiction, that's what we're shooting for. But nevertheless, I agree with the court that the reading of the actual statute starts otherwise before the court, otherwise properly before the court. And that would require, in my view, diversity jurisdiction. But again, we had diversity jurisdiction because the only claim that was in the original petition against the city of St. Louis was dismissed with prejudice, which is effectively a finding that that claim had no reasonable basis in law. So then are these two issues somewhat inextricably intertwined? The fragile adjoinder and the SNAP removal? Well, I think that from our perspective as a removing party, they were. In order for us to justify the removal at that time, where we had, at least on its face, a lack of diversity because of the inclusion of the city of St. Louis, we had to assert both things. We had to assert both that there was a fraudulent adjoinder depriving the court or permitting the court to find diversity jurisdiction, and also that SNAP removal permitted us to remove so long as the city of St. Louis had not been served. We anticipated the possibility because of our belief that the city of St. Louis was fraudulently joined that they would never be served, which would effectively have endorsed or at least provided the underpinnings for the actual application of SNAP removal. Judge Collins, for whatever reason and very respectfully to Judge Collins, decided to go strictly on the SNAP removal basis. But in so doing, she deprived this Court of the jurisdiction, in our view, to consider the central question in this case, and that is whether or not there is fraudulent adjoinder. But as I've stated, even if the Court considers fraudulent adjoinder, they're not up to the task. The original complaint simply did not plead a proper cause of action for detrimental reliance and was because of that dismissed with prejudice. And the second amended complaint does not properly plead a cause of action for inverse condemnation. As to the SNAP removal doctrine, three circuits have adopted it. The Sixth Circuit, I believe, has actually alluded to adopting it in a footnote. Plaintiff has not cited any appellate court decisions that have rejected the doctrine. There is a dispute. What's your view as to how we could opine on it without it being near dicta? We oppose permission for leave to appeal, precisely for the arguments that we're presenting here, that there simply wasn't an outcome determinative ruling by the District Court that would confer any sort of jurisdiction on this Court to address her decision. I am not confident that I could articulate a basis that the Court could rule on SNAP removal if it's not accompanied by a corresponding ruling on the diversity of jurisdiction issue. And that amounts to the fraudulent adjoinder issue. Our view is that the case should be remanded to Judge Collins with the direction that she consider the fraudulent adjoinder issue, which has not yet been considered, either on the existing briefing or on further briefing that she may wish to look at. But at this point, and I'm suggesting further briefing only because we have a Second Amendment complaint that has not yet been addressed, counsel brings up the fact that we answered the Second Amendment complaint. Our answer is immaterial. We are not the party against whom the inverse condemnation claim is being made. The City of St. Louis did answer. I'm not going to comment on the wisdom of their so doing, but irrespective of whether they've answered or not or moved to dismiss, our view is that there is no proper claim for inverse condemnation contained in the existing complaint specifically because the plaintiff points to the freezing water pipes as the cause of their damages in the fourth paragraph of their petition in their First and Second Amendment complaint. Unless there's further questions, I really don't have anything further to provide to the Court, and I appreciate your attention. I see nothing. Thank you, Mr. Chico. Sure. Thank you, Your Honors. As a practical matter, as far as the posture of this case is concerned, what the insurance company asked this Court to do is to send it back for the District Court Judge where there has been answer filed by the City of St. Louis where she's already denied their 12B6 motion to somehow now find that there was fraudulent joiner in this case. As a procedural matter, that would almost be nonsensical and would make little sense. As a practical matter, and there's a good reason for this, is that what the law on fraudulent joiner is pretty clear about is whether I pled detrimental reliance or inverse condemnation or negligence or whatever, it doesn't matter. The only thing that matters are the operative facts and whether those could potentially state a claim. And those facts have never changed. Those facts are the same facts that have always been pled in this case against the City of St. Louis. They argue about causation. The District Court has already considered that and rejected it. Incidentally, the District Court did not dismiss the complaint. There was never a ruling on the original complaint. The First Amendment complaint was filed before that ever took place. But the issue is whether those facts, and this is what FELA in every case that has come since FELA has said, is that, what are the facts? What are the facts and could those potentially, not do they, not do they meet the motion of a 12B6 standard, not that they even meet the standard of a summary judgment motion, but could they potentially state a claim against that defendant? That's the only thing that can happen. At this point, for the judge, who has already ruled that it does in the 12B6 motion that the City filed, to now say that there are no facts upon which the City could be held liable in this case is simply nonsensical. Which is why this case should be going back to State Court instead of going back to the District Judge. Thank you, Your Honor. Court thanks both counsel for the arguments you provided to the court this morning. It's helpful and we'll consider it in conjunction with the briefing and render decision. Thank you.